## COLE et ux. v. RICHARDSON.

No. 15154—Opinion Filed Feb. 3, 1925.

Rehearing Denied March 10, 1925.

**Bills and Notes — Commission Note to Loan Agent—Failure of Consideration—Agent's Remedy.**

Where A. and B. enter into a contract whereby A. agrees to secure a loan for B., and B. gives A. his note for a specified sum in payment of A.'s commission for securing said loan, and the contract further provides that in case B. for any reason is unable, or refuses to complete said loan herein contracted for, B. agrees to pay A. the amount of commission herein specified for expense incurred, commission earned, and as liquidated damages, and the loan is not made. held, that the consideration for the note fails, and A. has no cause of action against B., based on the note; A.'s remedy, if any, must be based upon the contract.

(Syllabus by Jones, C.)

Commissioners' Opinion Division No. 3.

Error from District Court, Atoka County; J. H. Linebaugh, Judge.

Action by M. J. Richardson against James Cole and Amanda Cole. Judgment for plaintiff, and defendants appeal. Reversed, with directions.

H. L. Hardgrave and Cook & Cook, for plaintiffs in error.

Hatchett & Ferguson, for defendant in error.

Opinion by JONES, C. This was an action to recover on a promissory note secured by mortgage; the note and mortgage, which were attached to the petition and made a part thereof, are in the usual form, containing no extraordinary provisions or conditions; the total amount of the note was $539.60, with interest, and provided for an attorneys fee in case of default and suit on same. In answer to plaintiff's petition the defendants aver that the note was given in payment of commission charged by the grantee named therein for his services rendered, and to be rendered, to secure a loan of $1,700 for the defendants, and further aver that the loan was never secured, and that the defendants received no money by reason of the employment of the plaintiff, and that the consideration failed, and they ask that the plaintiff take nothing by this cause of action. On the trial of the case to the court without the intervention of a jury, the plaintiff introduced the note and mortgage sued on, and rested his case, whereupon the defendants called the plaintiff, M. J. Richardson, as a witness, who, in substance, testified to various expenditures made by him in attempting to secure the loan, the recording of papers, securing of abstracts, and payment of all necessary fees in connection therewith, and testified that he sold the loan, and procured the money, to wit, $1,700, and held same for the benefit of the defendants for about six months, but did not deliver same for the reason defendants failed to conform to certain requirements looking to the perfection of the title to the lands covered by the mortgage securing said loan. On cross-examination of the plaintiff, Richardson, the plaintiff offered in evidence the contract entered into by the plaintiff, M. J. Richardson, and the defendants, James Cole and wife, Amanda Cole, wherein the defendants employed the plaintiff to procure the loan. The contract offered in evidence is as follows:

(1) "I hereby appoint M. J. Richardson of Hugo, Okla., my agent to negotiate for me either in his own name or in that of any one whom he may choose, a loan of $1,700 or such sum as my said agent shall approve for ten years from Nov. — 1921, drawing interest at the rate of 7 per cent. per annum, payable annually, on the first

day of November in each year, to be secured by first mortgage on land hereinafter described; note, mortgage and interest thereon in said loan to be made payable to any one my said agent may desire, and wherever said agent shall designate, and on such blanks, i. e., notes and mortgages and other forms, as the lender may furnish.

"The land which I agree to mortgage as security for this loan is as follows, to wit: All of the W.½ of S.W.¼ & S.½, S.E.¼, sec. 13, twp. 4 S., R. 14 E.; and N. W, ¼, S. E. ¼ & N. ½, N.E. ¼, S.W. ¼, sec. 19, twp. 2 S., R. 15 E.

(2) "(It is hereby agreed that any sum over and above the net proceeds remaining after the paying of prior liens shall be applied on the commission note hereinafter mentioned.)

"Section ——, twp. ——, Range——, I. M.,—— County, Okla.

(3) "As commission and compensation for services in procuring and negotiating this loan. I hereby agree to pay said M. J. Richardson (my said agent) or their assigns, the sum of $539.60, or if said loan shall be approved by my said agent for a less sum than the amount herein contracted for, then, and in that event, I agree to pay said M. J. Richardson a commission, which commission shall be in amount in the same proportion to the commission herein above agreed to be paid, as said loan, as approved, bears to the amount of the loan herein contracted for, said commission to be payable in cash, to be deducted from the proceeds of my said loan, according to the terms of one certain promissory note for $539.60, which note, and each installment thereof (if said note be payable in installments) shall draw interest from maturity thereof, at ten per cent. per annum, payable on November 1st annually, and shall be secured by me by a duly executed second mortgage on the above described land, subject only to the principal loan of $1,700, herein contracted for. me to pay out of the net proceeds herein all cost of title, examination of title and title insurance.

(4) "And I hereby authorize and empower my said agent, or his assigns, to pay off to the holders thereof or to the collectors thereof, at the amounts demanded by said holders, or collectors, all mortgages, liens, leases, judgments, pending suits, costs, and attorney fees, which are of record, either against any portion of said above lands, or against any present or previous owner of the same; all taxes assessed against the above described lands, or any part thereof, all personal taxes assessed against me, or against any previous owner of above described lands; to pay for and obtain, valid fire and tornado insurance. duly assigned to the lender herein. each for $——, insurance upon the buildings upon the land herein described, for the full term of this loan, and to pay for any unpaid premiums in connection with said insurance, and for any and all renewals of said insurance, and in addition to the above to pay off and discharge all and every incumbrance of whatever kind or nature, deemed by my said agent to be a lien, or cloud, upon the title to the above described land, and to deduct the required amount to pay all of the above payments, at the price demanded by the holders, or collectors, of such payments, together with all interest, and costs, on said amount, from the proceeds of the loan herein contracted for.

(5) "I further agree that, from the proceeds of above loan, said agent may deduct and charge to the account of said loan, the expense of a complete abstract of title to the land herein described and also the expense of procuring, and recording each and every instrument deemed by my said agent necessary to clear the title, and to perfect, absolutely, said title in myself, and to pay for recording of all mortgages, and other papers in connection with my said loan.

(6) "And I hereby agree that if said loan cannot be made by reason of defects, or irregularities in my title, of any sort or kind, or by reason of my failure, inability, or refusal to remove any, and all, incumbrances, or clouds. against the title to said described land, to the entire satisfaction of my said agent or if for any reason I am unable, or refuse, to complete the said loan herein contracted for, then I agree to pay my said agent, or his assigns, the amount of commission herein specified, for expense incurred, commissions earned, and as liquidated damages, said amount to be due to my said agent immediately upon my refusal, or inability, to complete said loan finally as herein contracted for, and as security for the payment of any and all sum or sums of money to which the said M. J. Richardson may be entitled under the contract, I hereby pledge and mortgage to him the above described real estate.

(7) "I hereby agree that payment to me of the net proceeds due me on account of this loan shall not be due me, or demanded from the lender, until ten days after he is in possession of the properly executed, and recorded, mortgages in this loan, upon said land, and of any and all papers connected with said loan and these recorded, and of an abstract of title, which shall show title to the lands above described, which title shall be entirely satisfactory to said M. J. Richardson and the mortgages executed in this loan, a valid, and perfect. first and second lien, respectively upon the land herein described.

(8) "All covenants and agreements in my application of this date for loan are hereby made a part of this contract.

(9) "I hereby state that this contract contains a full and complete statement in detail of my agreement with my said agent. M. J. Richardson. in connection with pro-

curing and negotiating this said loan, and that I have no other or different agreement of any sort, either with my said agent, or with anyone for them,—verbal or otherwise, in connection therewith, or varying in any manner from this written contract, and have not, and will not agree to pay any one any commission or compensation, other than herein set forth, for the procuring, or negotiating, for me of this loan.

"In Witness Whereof, I have hereunto set my hand this 31st day of March, A. D., 1921.

"I further agree that no part of this loan will be due me, or paid to anyone for me, nor will said loan or any part thereof be demanded, until my said agent has negotiated said loan and received the cash money therefor.

<blockquote>"James Cole,<br>        her<br>"Amanda x Cole,<br>        Mark</blockquote>

"Witness:
"J. D. Ratliff,
"S. B. Upton."

This contract is very lengthy, but we have copied the entire document, as we think the provisions of same are decisive of the rights of the parties to this controversy. It is evident from the evidence offered and the terms of the contract that M. J. Richardson was employed as agent by the defendant Cole to secure the loan. At the close of the evidence the court rendered judgment in favor of the plaintiff for the amount sued for and for foreclosure of the mortgage, from which judgment of the court the defendants prosecute this appeal, and from the statement of the court its judgment seems to have been based on the theory of agency, assuming that when agency between the plaintiff and the defendants had been established, that that fact alone was decisive of the rights of the parties, and entitled plaintiff to judgment.

Appellants assign various specifications of error. The third assignment is as follows:

"The court erred in rendering judgment for the defendant in error which is contrary to law and the evidence introduced in said case."

We think this assignment covers the material issues in this case. From an examination of the contract relied upon, and the sixth paragraph thereof (the court having numbered the various paragraphs of the contract for convenience) we find this language:

"If for any reason I am unable, or refuse to complete the said loan herein contracted for, then I agree to pay my said agent or his assigns, the amount of commission herein specified, for expense incurred, commission earned, and as liquidated damages, said amount to be due to my said agent immediately upon my refusal, or inability to complete said loan, finally as herein contracted for," etc.

This provision was an effort, evidently, to avoid the statute on forfeitures, and to specify the amount evidenced by the note as liquidated damages in case of failure for any reason on the part of defendants to accept or secure the loan. It being admitted that the transaction was never consummated, and that the defendants for some reason, which is not made clear by the record, failed or refused to accept the loan, consequently the provision above quoted becomes paramount and controlling of the rights of the parties in this case, and renders the note sued upon void and of no force or effect, other than it may be offered as evidence of liquidated damages, the loan having failed, and if plaintiff has any cause of action it must necessarily be based upon the contract heretofore set forth, and then the question would arise as to whether or not the damages resulting from the failure of the defendants to accept the loan is of such nature as will justify or sustain a contract for liquidated damages if the expense incurred and the services rendered by the agent are of such doubtful value as to preclude the establishing of same with a reasonable degree of certainty, then the provision for liquidated damages might be enforceable, on the other hand if the expense incurred by the agent, and the value of the services rendered in an attempt to secure the loan and perform his part of the contract are subject to proof within a reasonable degree of certainty, then he would not be entitled to maintain an action for liquidated damages based on the provisions of the contract, but his remedy would be quantum meruit for the actual expense incurred and the reasonable value of the services rendered. And we think the judgment rendered is clearly erroneous. The theory upon which this action was based is untenable; the contract which is the foundation of this action borders closely on the unconscionable.

The second paragraph of the contract provides that after the payment of all prior liens out of the net proceeds of this loan, the remainder shall be applied on the commission note, the note sued upon. We are not advised as to the amount of the prior liens, and under such provision the entire commission note might have been collected out of the proceeds of the loan.

In the fourth paragraph of the contract, it provides and authorizes the agent, Richardson, to pay and discharge all encumbrances deemed by said agent to be a lien upon the lands involved, and deduct such amounts from the loan.

And the fifth paragraph authorizes him to deduct from the loan such amounts necessary to pay the expense of abstract of title, and the expense of procuring and recording each and every instrument deemed by said agent necessary to clear the title and to perfect title in this defendant. Under this provision, Richardson had full power and authority to perfect the title, and cannot charge the failure of title to the defendants.

The seventh puaragraph of the contract provides that the net proceeds of the loan shall not be paid to the defendant or demanded from the lender, until 10 days after he, the lender, is in possession of the properly executed and recorded mortgages in this loan, upon said land, etc., which shall show title to the lands above described, which title shall be entirely satisfactory to said M. J. Richardson, and the mortgages executed in this loan, etc.

Under this last provision, the defendant was never entitled to receive the loan from the said Richardson, as he, the said Richardson, still contends that the abstract of title was not satisfactory and was not perfected, therefore, under this provision, he is yet under no obligation to deliver the proceeds of the loan to the defendant, and was acting in violation of his duty as agent when he placed the mortgage of record, and sold same before the title was perfected, and when he knew the deal could not be consummated. There are other objectionable features contained in the contract, which we deem, unnecessary to mention. Clearly this is a case of the structure falling by reason of its own weight; "of building upon the sands." In their zeal to bind their victim they lose him, having stepped beyond the bounds of all reasonable and legal limitations, and in our judgment the action brought cannot be maintained. The loan, having failed, plaintiff is left to his remedy, if any, under the terms of their contract providing for liquidated damages. We, therefore, recommend that the case be reversed, and the trial court directed to dismiss plaintiff's action.

By the Court: It is so ordered.

Note.—See under (1) 8 C. J. 744.